## ADAM SCHAUB v. DALLAS BREWING COMPANY.

### No. 6778.

1. **Bill of Exceptions Must be Filed in Term Time.** — A bill of exceptions must be presented and filed before the adjournment of the term (Rev. Stats., art. 1314), and if signed after adjournment it can not be considered. The rule is the same where the bill appears only in the statement of facts which is filed and approved after the term upon a proper order for that purpose.

2. **Custom and Usages of Trade.**—Custom and usages of trade are admitted in evidence for well defined purposes—to explain incidental rights of parties appertaining to the particular trade in question, to construe contracts in relation thereto, and to ascertain the meaning of words and expressions therein—as well as for other purposes.

3. **Same—Beer Kegs.**—Sale of a brewery, with "accessories, appliances, or appurtenances," included *beer kegs* of the establishment; it appearing that all breweries were required by act of Congress to have their beer kegs branded with the name of the com-

pany or association; that the kegs were never sold to the customers; the beer was shipped to the purchaser in kegs, the kegs remaining the property of the company, to be reshipped when empty; that kegs were among the appliances of a brewery, and necessary to the transportation of the beer after it is made, etc.

Appeal from Dallas.    Tried below before Hon. Geo. N. Aldredge.

On the 1st day of November, 1886, Schaub filed his suit against appellee (defendant below) asking judgment for the value of nine hundred beer kegs, which he alleged was $1125, which kegs he alleges defendant unlawfully took from his possession on the 15th day of October, 1886, and converted to its own use.

Defendant filed its answer on the 14th day of December, 1886, pleading general demurrer, general denial, and specially setting up that if it has any kegs in its possession that the same are its property by good and valid purchase under a sale made under a trust deed, executed by the Wagenhauser Brewing Association to Frank H. Scott, trustee, which deed of trust was given to secure certain notes therein mentioned and was on certain real estate in the city of Dallas, and after describing said real estate said deed of trust contained the following words, viz., "together with its brewing establishment thereon, and all easements, machinery, fixtures, accessories, appliances, and appurtenances used or in anywise connected with the same establishment, as well as all machinery and fixtures to be added in the future to said premises;" defendant claiming that said clause included the beer kegs in controversy, and that the same were duly sold under said clause, and that it finally became the purchaser.

On the 6th day of January, 1888, the cause was tried by the court without a jury, and judgment was rendered by the court that plaintiff take nothing by his suit and the defendant recover the costs.

Plaintiff appealed.

*A. S. Lathrop* and *R. E. Cowart*, for appellant.—1. Whether the kegs mentioned by the witnesses were absolutely necessary to the transportation of the beer was but the conclusion of the witnesses, and therefore inadmissible.   Railway v. Reason, 61 Texas, 613; Hutton v. Arnett, 51 Ill., 198; 1 Whart. on Ev., 509, and authorities there cited.

2.   The kegs in controversy were not machinery, appliances, appurtenances, or accessories used or connected with the brewing association establishment.   Van Patten v. Leonard, 55 Iowa, 520; Fry v. Drahas, 6 Neb., 1; Curtis v. Philips, 5 Mich., 112; Fletcher v. Powers, 131 Mass., 333.

3.   The court erred in holding that the kegs were included and conveyed by the mortgage and deed of trust.   By the utmost stretch of language it can not be construed that the beer kegs were machinery, fixtures, accessories, appliances, or appurtenances.

*Shepard & Miller*, for appellee.—1. The testimony complained of, showing the established meaning of the words "appliances, accessories," etc., as used and understood by the trade, was admissible. Jones on Trade Con., sec. 60, *et seq.;* Laws. Usages and Customs, p. 367, sec. 181; 1 Greenl. on Ev., sec. 292; 6 Wait's Act. and Def., p. 637; Farrar v. Stackpole, 6 Me., 154; Miller v. Stephens, 100 Mass., 518; Page v. Cole, 120 Mass., 37.

2. The court did not err in rendering judgment for defendant, because (1) the title to the beer kegs passed as "appurtenances, appliances, and accessories used or in anywise connected with" the brewery under the description in the chattel mortgage or trust deed, and (2) the evidence shows conclusively that they were by invariable usage of the trade covered by said terms. Word "accessory," 1 Bouv. Law Dic., p. 51; words "accessory" and "appliances," Webster's Dictionary, unabridged.

COLLARD, JUDGE.—On the 25th day of August, 1885, the Wagenhauser Brewing Association in due form executed a deed of trust and chattel mortgage to F. H. Scott, trustee, to secure $50,000 due to Ford W. Wolf, conveying their brewery establishments, lots, and "all the machinery, fixtures, accessories, appliances, and appurtenances used in or in anywise connected with the brewing association's establishment located on said lots, and machinery and fixtures which may hereafter be placed on said premises by F. W. Wolf or his agents, all of which is here intended to be conveyed by this instrument." On the next day the instrument was duly recorded as a deed of trust and registered as a chattel mortgage. Scott, the trustee, executed the power to sell according to the terms of the instrument, and on the 12th of April, 1886, conveyed by deed all the property above described to F. W. Wolf. Wolf subsequently sold the same, including all the kegs on hand, to John J. and J. J. Gannon, who sold and delivered the same to the Dallas Brewing Company, the defendant below. On the 25th day of March, 1886, the Wagenhauser Brewing Association sold to Adam Schaub, the plaintiff, 1000 beer kegs among other property then being in the brewery, he having notice of the deed of trust and chattel mortgage. Schaub brought this suit in the District Court of Dallas County against the Dallas Brewing Company for the value of 900 of these beer kegs, alleging their value to be $1125. The cause was submitted to the court, who gave judgment for defendant, and plaintiff appealed.

The first assignment of error is that "the court erred in permitting witnesses Gannon and Brown to testify that beer kegs were absolutely necessary to carry on the brewing business, and by universal custom of brewers were regarded as appurtenances and appliances and as passing with the brewery on sale of same, for the reason that such testi-

mony was a mere opinion of witnesses and not a statement of any fact." There was no bill of exceptions except as incorporated in the statement of facts. The judgment was rendered January 6, 1888. Motion for new trial was filed January 7, 1888, and acted on. On motion of plaintiff ten days after adjournment of the term were allowed in which to file a statement of facts. The parties failed to agree on the statement, and it was made up by the court and filed March 20, 1888, the court having adjourned for the term on the 10th day of March.

A bill of exceptions must be presented and filed before the adjournment of the term (Rev. Stats., art. 1314), and if signed and filed after such adjournment can not be considered. The rule is the same where the bill appears only in the statement of facts which is filed and approved after the term upon a proper order for that purpose. Willis v. Donac, 61 Texas, 589; Tom v. Sayers, 64 Texas, 339; Yoe & Harris v. Montgomery, 68 Texas, 340. The assignment of error can not be considered.

The second assignment of error is that "the court erred in construing the words in the mortgage and deed of trust," above set out, "as including the kegs in controversy."

And the third assignment is that the judgment of the court is contrary to the evidence, because the proof shows that plaintiff bought from the Wagenhauser Brewing Association the kegs sued for and paid for the same, and there is no dispute but that the sale was valid unless the kegs were included in the words used in the deed of trust.

Custom and usages of trade are admissible in evidence for well defined purposes, to explain incidental rights of parties appertaining to the particular trade in question, to construe contracts in relation thereto, and to ascertain the meaning of words and expressions therein, as well as for many other purposes. Whether beer kegs in a brewery would be classed as "accessories, appliances, or appurtenances" of the establishment would depend on the use they were put to, their relation to the business, as well as the common understanding or custom in such establishments. Evidence directed to such inquiries would be admissible. In this case it was proved by persons of experience in the brewing business that all breweries were required by an act of Congress to have all their kegs branded with the name of the company or association; that beer kegs as a rule were never sold to the customer; the beer was shipped to the purchaser in kegs, the kegs remaining the property of the company to be reshipped when empty; that kegs were among the appliances and appurtenances of a brewery and that they were absolutely necessary to the transportation of the beer after its manufacture; that a brewery could not get along without them; they were as necessary to a brewery as tanks, coolers, and other machinery, and that by universal custom of brewers beer kegs were regarded as appurtenances and appliances, and as passing with the brewery on sale.

Considering the use of the kegs and their importance in connection with the brewing business it seems to us very reasonable that they should belong to the establishment, and that it should become an acknowledged and universal custom that they should pass with the sale of the brewery. The proof shows that they are included among "appliances and appurtenances," and the reason of it is plain—they are indispensable in carrying on the business. With the evidence explaining their use we should say even without custom it would be a fair construction of the contract of sale to hold that they were included in the expression, "accessories, appliances, and appurtenances used in or anywise connected with the brewing association's establishment."

With the testimony offered it is beyond question that the trial judge was correct in his findings that the beer kegs passed with the sale and were included in its terms.

We conclude that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted April 28, 1891.