JOHN M. HARPER ET AL. v. THE STATE.

No. 2030. Decided December 13, 1899.

**Bill of Exceptions—Presentment and Filing of—Practice on Appeal.**

A bill of exceptions, to be valid and entitled to be considered on appeal, must have been presented to the trial judge within ten days after the motion for new trial is overruled, or final trial in the case where there is no motion for new trial and must be filed in the lower court within term time. Rev. Stats., art. 1366; Code Crim. Proc., Art. 724.

APPEAL from the District Court of Cass, on change of venue from Marion County. Tried below before Hon. J. M. TALBOT.

Appeal from a judgment final on a forfeited recognizance for $2500.

No statement necessary.

*O'Neal & Allday, L. S. Schluter,* and *Figures & Pruitt,* for appellants.

*R. D. Hart,* District Attorney, *J. Q. Mahaffey,* and *Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—On February 17, 1899, the State of Texas took judgment nisi against John M. Harper, as principal, and his sureties, W. J. Sedberry, W. W. Harper, W. B. Ward, and Julius Ney, for the sum of $2500, on the recognizance of the said John M. Harper, with said sureties, taken in cause No. 3148 (State of Texas v. John M. Harper), pending in the District Court of Cass County on change of venue from Marion County. On February 21st the State, by her district attorney, in open court, suggested the death of Julius Ney, one of said sureties, and asked that the legal representatives of said Ney be made parties. On August 29th the district attorney dismissed the cause against Julius Ney and his heirs, naming them; and judgment was rendered against said John M. Harper and sureties, except Ney, above named, in the sum of $2500.

It is only necessary to consider one question, as we view this record. We find in the record what purports to be bill of exceptions number 1 by appellant, which bill objects to the introduction of the

41st Crim. Rep.—23

recognizance introduced on the trial of this case, because there is a variance between the pleadings of the plaintiff, the State of Texas, and said recognizance, in this: The pleading of the plaintiff alleged a recognizance entered into in the case in which the said John M. Harper stood indicted by bill of indictment duly presented by the grand jury in the District Court of Marion County, while the recognizance offered in evidence shows upon its face that said John M. Harper was called upon to answer a charge by indictment duly presented and pending in the District Court of Cass County, which objection of appellant was overruled. The court appends the following explanation to the bill: "The above bill is approved on this 14th day of September, 1899,—the day presented,—and ordered filed. I regard the language, 'by indictment duly presented and pending said court' as surplusage, not required as an essential requisite of a recognizance." We find no motion for new trial in the record. The final judgment against appellants in favor of the State of Texas was rendered on August 29, 1899. As stated by the court, the above bill was not presented to him until the 14th of September, 1899. It readily appears from this statement that it was more than ten days after the rendition of the final judgment before the bill of exceptions was presented to the trial judge. Article 1365, Revised Civil Statutes, provides, "It shall be the duty of the party taking any bill of exceptions to reduce same to writing and present the same to the judge for his allowance and signature during the term, and within ten days after the conclusion of the trial." Article 1366: "It shall be the duty of the judge to submit such bill of exceptions to the adverse party or his counsel, if in attendance on the court, and if the same is found to be correct, it shall be signed by the judge without delay and filed with the clerk during the term." Article 724, Code of Criminal Procedure, provides: "On the trial of any criminal action, the defendant by himself or counsel may tender his bill of exceptions to any decision, opinion, order or charge of the court, or other proceeding in the case; and the judge shall sign such bill of exceptions under the rules prescribed in civil suits, in order that such decision, opinion, order or charge may be revised upon appeal." A proper and legitimate consideration of the foregoing articles of the Revised Civil Statutes and the Code of Criminal Procedure can be given but one construction; and that is, the bill of exceptions must be presented to the trial court ten days after the motion for new trial is overruled, or final judgment, in case there is no motion for new trial, and must be filed within term time. This identical question was passed upon by this court in Golden v. State, 22 Texas Criminal Appeals, 1, in which the court said: "It is the presentation of the bill to the judge, and not the filing of the same, which is required to be done within ten days after the conclusion of the trial. If presented within ten days, whenever allowed and approved by him, the bill may be afterwards filed, provided it is filed during the term." Clement v. State, 22 Texas

Crim. App., 23; Frisby v. State, 26 Texas Crim. App., 180; Harrison v. State, 16 Texas Crim. App., 325; Shubert v. State, 20 Texas Crim. App., 320; Stewart v. State, 24 Texas Crim. App., 418. This rule requiring bills of exception to be presented to the judge within ten days after the motion for new trial is overruled, if there is such motion, or ten days after final judgment, is supported by a long line of decisions by the Supreme Court of this State. Farrar v. Bates, 55 Texas, 196; Schaub v Brewing Co., 80 Texas, 634. It follows, therefore, that we can not consider appellants' bill of exceptions. There being no other complaint in the record requiring revision, the judgment is in all things affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]