**FIRST NAT. BANK OF MEMPHIS v. FIRST NAT. BANK OF CLARENDON.†**

(Court of Civil Appeals of Texas. Dec. 31, 1910. Rehearing Denied Feb. 11, 1911.)

1. APPEAL AND ERROR (§ 1036*) — PARTIES — DISMISSAL—PREJUDICE.

Where, in an action by a collecting bank against its corespondent to recover the proceeds of a remittance covering the collection of a check, the drawer and payee of the check were made parties defendant, but defendant bank filed no plea to recover over against its codefendants, and the petition alleged facts sufficient to show a liability on the part of defendant bank, it was not prejudiced by an order dismissing the action as to the drawer and drawee of the check.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4073; Dec. Dig. § 1036.*]

2. BANKS AND BANKING (§ 161*) — COLLECTIONS—MEDIUM OF PAYMENT.

In accordance with custom, a bank to which a check is sent for collection in the city in which the drawee bank is located may accept the drawee's draft or check in payment, and is not negligent in failing to demand payment in money.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 556, 557; Dec. Dig. § 161.*]

3. APPEAL AND ERROR (§ 1040*)—PREJUDICE —RULINGS ON DEMURRER.

Defendant was not prejudiced by the overruling of exceptions to allegations in the petition tendering an issue which the court did not submit to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4105; Dec. Dig. § 1040.*]

4. EVIDENCE (§ 205*)—ADMISSION—INTEREST—TELEPHONE CONVERSATION.

Plaintiff bank having received a check from defendant bank for collection accepted drafts from the drawee bank in payment, and forwarded its own check to defendant in settlement of the collection, but, the drawee bank having failed before defendant received plaintiff's check, plaintiff's cashier telephoned defendant of the drawee bank's insolvency and requesting the return of plaintiff's check, which defendant's cashier promised to do. *Held,* that evidence of such promise was admissible in an action by plaintiff against defendant to recover the proceeds of plaintiff's check, which defendant thereafter refused to surrender, as an admission against interest.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 699–706; Dec. Dig. § 205.*]

5. EVIDENCE (§ 471*)—OPINION—CONCLUSION OF WITNESS.

Where a bank in failing condition paid a check drawn on it to the collecting bank by drafts which were worthless and shortly thereafter closed its doors, evidence of the bank's manager that the checks drawn on it would not have been paid in cash if cash had been demanded was not objectionable as an opinion of the witness, when offered in an action by the collecting bank to recover the proceeds of its remittance made on the faith of the worthless drafts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2151; Dec. Dig. § 471.*]

Appeal from District Court, Donley County; J. N. Browning, Judge.

Action by the First National Bank of Clarendon against the First National Bank of Memphis. Judgment for plaintiff, and defendant appeals. Affirmed.

Elliott & Bryant and Gustavus, Bowman & Jackson, for appellant. A. T. Cole and Madden, Trulove & Kimbrough, for appellee.

DUNKLIN, J. The First National Bank of Clarendon recovered a judgment against the First National Bank of Memphis, from which the latter bank has appealed.

The recovery was for money remitted to the Memphis bank by the plaintiff bank in satisfaction of two checks which the plaintiff bank had undertaken to collect, and which had been sent to it for collection by the defendant bank. The checks were drawn by the Clarendon Mercantile Company in favor of the Mickle-Burgher Hardware Company, which the latter company had deposited with the Memphis bank for collection, and which were sent by that bank to the plaintiff bank for the same purpose. The checks were drawn on the Citizens' Bank of Clarendon, and the drawer had money to his credit with the drawee sufficient to pay the checks, but on the day following the presentation of the checks it closed its doors on account of insolvency. The plaintiff bank presented the checks for payment on the same day they were received, which was one day prior to the cessation of business by the Citizens' Bank, and accepted in payment therefor drafts upon other banks given by the Citizens' Bank, but these drafts proved to be worthless on account of the insolvency of the Citizens' Bank who issued them. As soon as plaintiff received those drafts, it forwarded to the Memphis bank its own check on the Ft. Worth National Bank; its cashier believing at the time that the drafts so accepted would be paid. Before the Memphis bank received the check drawn by the plaintiff bank, its cashier was notified over the telephone of the insolvency of the Citizens' Bank of Clarendon, and promised to return the same. Relying upon this promise, the cashier of the plaintiff bank took no steps to recall its check sent to the Memphis bank, and later the Memphis bank collected the check, and, having refused to refund the amount thereof to the plaintiff, this suit was instituted to recover the amount so collected by the Memphis bank. The Clarendon Mercantile Company, drawer of the check,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Application for writ of error pending in Supreme Court.

on the Citizens' Bank of Clarendon, and the Mickle-Burgher Hardware Company, the payee, were made parties defendant with the Memphis bank, but their demurrer to plaintiff's petition was sustained, and they were dismissed from the suit. Appellant assigns this ruling of the court as error. It had no plea over against its codefendants, who were so dismissed, but it insists that it was acting as the agent only for the Mickle-Burgher Hardware Company to collect the check and that no liability could be established against it, unless the liability of the drawer and drawee of the check was first fixed. The petition charged that appellant had received the money and the facts already recited were set out in the petition. We think that such allegations were sufficient to show liability on the part of the Memphis bank, and, if there was error in sustaining the demurrer urged by its codefendants, we are unable to perceive how the same could be prejudicial to appellant.

The evidence showed that, when the plaintiff bank presented the checks to the Citizens' Bank of Clarendon, the latter bank had money on hand sufficient to have paid the same in currency. The appellee alleged in its petition a custom among banks to accept payment in drafts of checks received by it for collection, and evidence was introduced establishing that custom, which was well known. As a predicate for a verdict in plaintiff's favor, the jury were instructed that they must find that plaintiff exercised due diligence and care in receiving the drafts in payment of the checks which they attempted to collect; that in so doing plaintiff in good faith believed that the drafts so received by it would be paid; and, further, that a demand for cash on the checks would have been refused by the Citizens' Bank. The jury were also instructed to return a verdict in favor of the defendant if they believed that the Citizens' Bank would have paid cash in satisfaction of the checks, if the same had been demanded. Appellant insists that, in the absence of an instruction from it to the contrary, appellee had no authority to accept payment of the checks in anything but money, and upon this question the authorities seem to be in conflict. In National Bank of Commerce v. American Exchange Bank of St. Louis, 151 Mo. 320, 52 S. W. 265, 74 Am. St. Rep. 527, the Supreme Court of Missouri holds that, when a bank accepts a worthless check in payment of a draft which it undertakes to collect, it makes the check so accepted its own, and its liability is the same as if cash had been received, and that a usage of banks to so collect checks is unreasonable. The opinion in that case is in line with numerous authorities cited therein. On the contrary, it is held in many states that a collecting bank is justified by usage or custom in receiving as payment the check or draft of the debtor drawn on another bank. See 5 Cyc. 506, and decisions there cited. The latter rule seems to us supported by better reasoning and more consistent with equitable principles which should govern in such transactions. It is a matter of common knowledge that the consideration received by a collecting bank for such services is small, and, if a custom or usage has grown up among banks to accept drafts of other banks in lieu of money, authority to collect in accordance with custom and in the exercise of due diligence should be implied, in the absence of some special instruction to the contrary. An additional reason for the application of this rule in the case at bar is found in the fact that under the charge already quoted the jury necessarily found that the checks which the plaintiff bank undertook to collect would not have been collected in money, if money had been demanded, thus showing the worthlessness of the check which the plaintiff was employed to collect. 5 Cyc. 511.

The court did not submit the issue presented in plaintiff's petition of the agreement over the telephone by appellant's cashier to return the check mailed to him by appellee's cashier to cover the amount which appellee supposed would be realized upon the drafts accepted by it from the Citizens' Bank. This is a sufficient answer to the assignment complaining of the action of the court in overruling the exceptions to the allegation of those facts in plaintiff's petition. Nor was there error in admitting evidence of that agreement. The testimony shows that the conversation over the phone occurred before the receipt of appellee's check by appellant's cashier, and at a time when appellee's cashier could have stopped payment of it if he had so desired, and thus prevented appellant from collecting it. The agreement thus proven was certainly an admission against the interest of appellant by its duly authorized agent intrusted with the conduct of the business then in hand.

W. H. Cook controlled and managed the business of the Citizens' Bank, and his testimony that the checks in controversy would not have been paid in cash, if cash had been demanded, we think was admissible as against appellant's objection that the same was the expression of an opinion only of the witness, as we know of no other method by which proof of that fact could have been made. In view of our conclusions noted above, we overrule appellant's assignment complaining of the refusal of a peremptory instruction in its favor, which it requested, and also another instruction, in effect, that it was negligence as a matter of law to accept payment of the check in controversy in anything except cash. We are of the opinion, further, that the verdict of the jury is sustained by the evidence.

We have found no error in the record, and the judgment is affirmed.