### HANKS et al. v. HOLT et al.

(Court of Civil Appeals of Texas. Galveston. May 23, 1912. Rehearing Denied June 20, 1912.)

1. EXCEPTIONS, BILL OF (§ 38*) — TIME FOR FILING.

The error of the trial court in failing to file conclusions of law and fact within the time required by law cannot be reviewed, where the bill of exceptions thereto was not filed for nearly 10 months after the adjournment of the term at which the case was tried.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 49–53; Dec. Dig. § 38.*]

2. EXCEPTIONS, BILL OF (§ 9*) — SCOPE AND CONTENTS.

Where the trial court failed to file findings of fact and conclusions of law within the time required by law, it cannot make its findings and conclusions a part of the record by attaching them to the bill of exceptions to such failure.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 11; Dec. Dig. § 9.*]

Error from District Court, San Augustine County; W. B. Powell, Judge.

Trespass to try title by I. R. Hanks and others against M. F. Holt and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Geo. E. Gatling, of San Augustine, for plaintiffs in error. Geo. F. Fuller, of Nacogdoches, and D. M. Short & Sons, of Center, for defendants in error.

McMEANS, J. This is an action of trespass to try title, brought by plaintiffs in error against defendants in error to recover a certain tract of land. A trial was had before the court without a jury, and judgment rendered in favor of defendants in error on July 21, 1910, which was the last day of the term. Immediately after the rendition of the judgment the plaintiffs in error duly requested the court to prepare and file its findings of fact and conclusions of law, but it appears that the court failed to comply with this request within the time required by law. Afterwards the plaintiffs in error presented to the trial judge, in chambers, their bill of exceptions to the action of the court in failing to file its findings and conclusions, and the bill was signed by the

judge, with certain qualifications which need not be here stated. The judge at this time attached to, and as a part of his qualification of, the bill of exceptions, his findings of fact and conclusions of law, and they come up in the record in this way. The bill of exceptions is not dated, and there is nothing in the record to show when it was presented to the judge for allowance; but it appears that the bill was not filed in the court below until May 30, 1911, nearly 10 months after the trial, and it does not appear that the failure to file it sooner was due to any delinquency on the part of the trial judge.

[1] It will be seen that the bill of exceptions was not filed for many months after the adjournment of the court for the term at which the case was tried, and long after the time the law requires the same to be filed. It has repeatedly been held that a bill of exceptions so filed will not be considered, nor will the matter therein complained of be revised by the appellate courts. Trezevant v. Raines, 25 S. W. 1092; Tom v. Sayers, 64 Tex. 341; Schaub v. Dallas Brewing Co., 80 Tex. 637, 16 S. W. 429; Willis v. Smith, 17 Tex. Civ. App. 543, 43 S. W. 331; Lockett v. Schurenberg, 60 Tex. 611. It follows that appellant's first assignment of error, which complains of the failure of the court to file its fact and law conclusions within proper time, does not present a matter that this court will undertake to revise, in the absence of a bill of exceptions taken thereto and filed within the time required by law. The assignment is overruled.

[2] We need only say, in answer to appellant's second assignment, that the court could not properly incorporate in the record its findings of fact and conclusions of law after the time allowed by law for filing them, by attaching the same to the bill of exceptions taken to his failure to sooner find and file them.

There is no reversible error presented by the third assignment, and it is overruled without further comment.

The judgment of the court below must be affirmed, and it has been so ordered.

Affirmed.