## SMITH v. SMITH et al. (No. 8577.)

(Court of Civil Appeals of Texas. Dallas. Oct. 15, 1921. Rehearing Denied Nov. 12, 1921.)

1. **Customs and usages ☜15(2)—Evidence of custom as to meaning of term "saw timber" held admissible.**

In an action on a contract for the sale of hard wood saw timber, evidence of custom as to what was generally understood in the locality by men engaged in the same business by the term "saw timber" *held* admissible.

2. **Customs and usages ☜13, 17—Valid usages or customs incorporated by implication.**

A valid usage or custom concerning the subject-matter of a contract, knowledge of which may be charged to the parties, is incorporated into the contract by implication, and in the absence of a different meaning expressed therein proof of such custom or usage is permitted to interpret the contract, but not to vary it.

3. **Pleading ☜11—Meaning of term in contract not required to be pleaded.**

In an action on a contract for the sale of hard wood "saw timber," the question of what constituted "saw timber" was a mere question of evidence which plaintiff was not required to plead.

4. **Evidence ☜576—Reproduction of evidence at former trial of witness, subsequently insane, proper.**

Where a witness had become insane since a former trial, reproduction of his evidence therein by the introduction of the stenographic report *held* proper.

5. **Depositions ☜94—Improper answer in deposition may be excluded.**

Where an answer to a question contained in a deposition is improper, it may properly be excluded on objection, just as the court may exclude the answer of a witness personally testifying.

6. **Evidence ☜129(5)—Evidence as to breach of prior contract held irrelevant.**

In an action on a contract for the sale of timber, wherein defendant also gave employment to plaintiff, evidence of a breach by plaintiff of a contract of employment existing between the parties previously to that sued on *held* irrelevant and immaterial.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Action by W. M. Smith against Paul D. Smith and John F. Butcher. From the judgment, John F. Butcher appeals. Affirmed.

M. D. Carlock, of Winnsboro, and E. A. Tharp, of Mineola, for appellant.

Jones & Jones, of Mineola, for appellee.

HAMILTON, J. Although this suit seems originally to have been filed by W. M. Smith against Paul D. Smith and John F. Butcher, on trial the original plaintiff became entirely eliminated in so far as this appeal is concerned, and the suit resolved itself into one between the defendants Butcher and Paul D. Smith, who are respectively appellant and appellee here.

Appellee sought to recover judgment against appellant for the sum of $4,042.30 upon a written contract which is as follows:

"Agreement made and entered into this 11th day of December, 1912, between Paul Smith, Mineola, Texas, party of the first part, and John F. Butcher, Vassar, Michigan, party of the second part.

"Party of the first part agrees to sell party of the second part all the ash and oak, also hickory and elm saw timber on the tract of land now owned by him, purchased from Mr. Ray, consisting of 400 acres, for the sum of $2.00 per thousand for oak, elm, ash and hickory.

"It is further agreed by the party of the first part that all the wood and tie timber is to be included in this consideration. Party of the first part agrees that he will enter into employ of the party of the second part, and that during the time he is employed he will give his undivided attention to the business, and that he will not mix up in any side issues or business propositions during his employment, either with the Mineola Box Manufacturing Company, or John F. Butcher.

"Party of the second part agrees to purchase the timber on said land from said party of the first part, and that he will pay $575 on or before the 20th of December, 1912, and he will also give party of the first part employment at a salary of $70.00 a month.

"[Signed]    First Party, Paul D. Smith,
                "Second Party, John F. Butcher."

The trial was before a jury, and at the conclusion of the evidence the case was submitted to the jury upon the following single special issue:

"How many feet of saw timber of oak, ash, elm, and hickory was on the land described in the contract in this case on the 25th day of July, 1915?"

In connection with the above-stated special issue, the jury was given the following instructions:

"In determining your answer to the foregoing question, if you find from the evidence that the parties to the contract, during the negotiations thereof, agreed as to what constituted 'saw timber', then you must give the term the meaning so agreed to by the parties; if you

———

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

do not find that the parties to the contract agreed as to what should constitute 'saw timber,' then you will give the term that construction or meaning established by general usage among parties dealing with timber of the kind mentioned in the contract and in the vicinity in which the timber in question was located. You are further instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the amount of the saw timber of oak, elm, ash, and hickory on the land in controversy on the date mentioned in the question propounded to you. You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given their testimony, but the law you will receive from the charge of the court."

To the above-copied special issue propounded to the jury by the court, the jury's answer was: "1,600,000 feet." Predicated upon this answer judgment was entered for appellee, and from such judgment this appeal is prosecuted.

Under his first assignment of error appellant complains of the action of the court in admitting evidence as to what was commonly accepted as "saw timber" by sawmill men with reference to hard wood at the time and in the locality in which the written contract was executed, and where it was to be performed. Appellant contends that evidence of a custom could not be shown, because the suit was upon an express contract, and because there was no proof that appellant had any knowledge of such custom as the proof tended to establish.

[1] Appellant's position is not correct, and under the circumstances the court properly admitted the proof of custom as to what was generally understood among men in that portion of the state engaged in the same business. The word "saw timber" is a technical or trade term under the evidence, and one peculiar to a certain occupation in the locality where this contract was to be performed. The term had been used without explanation, or without any specific and distinctly stated meaning given it in the contract itself; such being the case it was the duty of the court to determine what the understanding of the parties was as to the meaning of the term so used. In order to arrive at that understanding it was proper for the court to admit evidence as to the meaning given the expression by the usage and custom of lumbermen in that particular locality in which by common use it seems to have acquired a recognized meaning.

The proof shows that appellant had been engaged in the lumber business, and in handling and buying growing timber of the kind involved in this suit, for several years in that particular locality. The proof also shows without dispute that he himself wrote the contract sued upon and read it over carefully before he signed it. He contended

that there was an agreement and understanding between the parties at the time the contract was executed, to the effect that the word "saw timber" should mean in this particular contract only timber not less than 14 inches in diameter. The contract contained nothing to evidence such understanding, and appellee denied it, and contended that there was no agreement made other than that expressed in the contract, and that the parties to the contract recognized the meaning given by custom and usage to the expression "saw timber" at the time it was inserted in the contract.

[2] The rule is generally recognized that a valid usage or custom concerning the subject-matter of a contract, knowledge of which may be charged to the parties, is incorporated into the contract by implication. In the absence of a meaning written into the contract different from that implied by custom, the proof of such custom or usage is permitted to interpret the contract; not to vary its terms, but to express their meaning. Walker Grain Co. v. Denison Mill & Grain Co., 178 S. W. 555; Schaub v. Brewing Co., 80 Tex. 634, 16 S. W. 429; Yoakum v. Gossett, 200 S. W. 582; Consolidated Kansas City Smelting Co. v. Gonzales, 50 Tex. Civ. App. 79, 109 S. W. 946; 17 C. J. 492.

Granting that proof of usage with reference to the term "saw timber" could not be shown without first imputing knowledge of such usage to appellant, yet we think that the evidence is such as to support the jury's conclusion that such requirement had been met. It appears that appellant had lived in, and had been engaged in the lumber business in that particular locality for a number of years, dealing with such materials as those which constituted the subject-matter of this contract. The fact that he testified that "saw timber" in relation to such materials as those mentioned in the written contract meant cuts not less than 14 inches in diameter did not prevent his adversary from introducing evidence as to what the term "saw timber" was ordinarily understood in the trade to mean, and notwithstanding his testimony that he understood it to include only timbers 14 inches and more in diameter, the subject was an issue for the jury to pass upon, because the contract contained no expressly agreed interpretation of what the term meant, and appellee took the position in his testimony that it was to be given the meaning imputed by general usage.

We do not think appellant's contention well taken that evidence as to the meaning of "saw timber" could not be introduced by appellee for the reason that he had not specially pleaded that the term "saw timber" meant all cuts not less than 9 or 10 inches in diameter. Appellant himself by his pleadings raised the issue as to the meaning of

"saw timber," and it was proper for either side to show what it meant. Furthermore we think that appellee's allegation as to the amount of "saw timber" on the land, and his setting out the contract in his pleadings, was such as to permit proof of what was meant by "saw timber."

[3] The contract recites that "saw timber" was the subject-matter of the sale to appellant. What constituted "saw timber" was a mere question of evidence which appellee was not required to plead.

This case is to be distinguished from those cases in which it has been held that a custom or usage which has not been pleaded cannot be proved. In those cases the proof was denied in the absence of proper pleadings because the parties were undertaking to rely upon a custom or usage for support of the rights they asserted; whereas in this case the suit is upon a contract, and proof of usage is resorted to not as a primary basis of any right, but merely as proof of the meaning of the definite and explicit terms of the contract which is made the basis of the asserted right.

This case had been tried previous to the trial out of which this appeal grows. Upon such former trial a witness for appellee testified, and a stenographic report of his testimony was preserved. At the time of the trial resulting in the judgment of which the appeal complains, this witness was insane, and was confined in an asylum at Terrell, Tex. Appellee was permitted to introduce the stenographic record of his testimony upon the previous trial. This was done over the objection of appellant, and the action of the court is assigned as error. It appears that the witness was subjected to thorough cross-examination upon the former trial, and the only objection to the introduction of the testimony at the latter trial was that there is no rule of law allowing the testimony of a witness to be reproduced after he becomes insane.

[4] In the case of Houston v. Blythe, 60 Tex. 506, it was held that, where a witness who had testified as to the genuineness of a signature upon a former trial of the cause, and thereafter had become blind so that he was disqualified and incapacitated to testify by reason of his blindness, the record of his testimony at the former trial was admissible because of his incapacity. By analogy we think that case is authority for the holding that the admitted mental incapacity of the insane witness in the instant case rendered the reproduction of his evidence upon the former trial proper. Had the witness been dead, the admission of his evidence upon the former trial could not be questioned. Neither reason nor justice can recognize any distinction between the effect of physical death, which would have put the witness beyond the reach of the court, and the mental death by which he was rendered unavailable.

"Where a witness has become insane or mentally incapacitated, his former evidence is received, although it is otherwise in cases of mere failure of memory not amounting to imbecility." 22 C. J. 436.

[5] Complaint is made by appellant that the action of the court in excluding one of the answers contained in a deposition of a witness who testified for appellant was material error. The answer excluded referred to the character of timber involved in the contract sued upon, and was to the effect that it was very poor timber. The testimony does not appear to have been pertinent to any issue in the case, and, this being so, we perceive no error in its exclusion. We know of no reason why the court may not exclude an improper answer to a question contained in a deposition when objection is made, just as the court may exclude the answer of a witness personally testifying.

[6] Under different assignments of error appellant complains of the action of the court in excluding certain letters and other proffered evidence tending to reveal that appellee, some six months before the contract sued upon was made, undertook, while he was an employé of appellant, to induce another employé of appellant to enter into a secret contract for the sale and delivery of certain timber to appellant, which course was in violation of the express understanding of the terms of the employment at that time existing between appellant and appellee. There was no error in excluding the evidence. The conduct which it purported to reveal preceded the date of the contract involved in this suit by a period of about six months, and none of the evidence bore any material relation whatever to the instant suit. It was entirely irrelevant and immaterial, and, being such, it could not form the basis of impeachment of the evidence given by appellee, as contended by appellant, or serve any other proper purpose.

The verdict of the jury is sufficiently supported by the evidence, and, since no error appears, the judgment will be affirmed.