### SLONE v. FIRST NAT. BANK OF GORMAN.
### (No. 1590.)

(Court of Civil Appeals of Texas. El Paso. March 20, 1924. Rehearing Denied April 17, 1924.)

**1. Banks and banking** ⬄161(2) — **Custom known to exist by depositor of check becomes part of contract for collection.**

Custom existing as to bank's manner of making collections becomes part of contract for collection made by one depositing a check with full knowledge of it.

**2. Banks and banking** ⬄161(2)—**Failure of collecting bank to demand cash on presenting check held not to render it liable.**

Where one deposited check in defendant bank with understanding that it should be presented in usual course of business, and with knowledge that it was customary to accept checks of drawee bank in payment of items drawn on it, *held*, that such agreement and custom precluded recovery from defendant for its failure to demand cash on presenting check.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by George T. Slone against the First National Bank of Gorman. Judgment for defendant, and plaintiff appeals. Affirmed.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellant.

Turner & Seaberry, of Eastland, for appellee.

HARPER, C. J. Appellant sued appellee for $1,000, and for cause of action, in substance, alleged: That January 23, 1922, he had that sum on deposit with the Farmers' State Bank & Trust Company of Gorman, Tex., which he desired to transfer to the defendant bank; that at that time it was known or supposed by plaintiff and by the officers of defendant bank that the said state bank was financially embarrassed; that he discussed the matter with Read, the president of defendant bank, and informed said Read that he desired to withdraw his money from said state bank before it failed, and, upon being advised by said Read that, if he would draw a check on said bank in favor of defendant bank, he would collect it, did so, and delivered it, for which he received a deposit slip, and said amount was credited to him; that on the 23d of January defendant bank in clearing with the state bank collected same; that defendant's place of business and the Farmers' State Bank were located in the same town almost opposite each other on the same street; that if defendant failed to cash same it was through neglect.

The defendant in the first original amended answer pleaded general demurrer, general denial, and for special answer alleged that on or about January 23, 1922, the plaintiff deposited with the defendant bank a draft on the Farmer's State Bank & Trust Company of Gorman, for which the defendant gave plaintiff an ordinary deposit slip. Defendant further answered that at the time said deposit was made plaintiff and defendant's president, Ben F. Read, discussed certain rumors mentioned by plaintiff as to the financial embarrassment of the trust company, and informed the said Ben F. Read that he had on deposit with the trust company some $1,300, and that he would like to draw said fund or a portion thereof, but that, as the officers of said bank were his friends, he did not wish to cause said trust company any embarrassment, and did not wish to appear that he was withdrawing his funds on account of the rumors mentioned; that for this reason he wanted the draft deposited by him with defendant to be handled in the usual and customary manner followed by defendant in handling items with its neighbor banks in the town of Gorman. Defendant further denies that its president ever advised plaintiff to withdraw funds from said trust company, but discouraged same, stating to plaintiff that his funds were perfectly safe in the trust company, and that the rumors were unfounded; that in addition the trust company was a state bank, and its funds guaranteed against loss. Defendant further answered that it was the general custom of the banks in Gorman in clearing with each other for the bank having a credit balance on the clearing to take exchange for same. Defendant further answered that, had it not received the special instructions from plaintiff to handle his draft in the usual and customary manner, it would

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not have been accepted for a deposit. Defendant further answered and said that it was a general custom of the banks in Gorman that checks were accepted for deposit subject to collection, and, if not collected, the item was charged back to the customer. The defendant further answered and said that in accordance with the usual custom it received for said draft the Farmers' State Bank & Trust Company's exchange on the First National Bank of Waco, Tex., and immediately sent the same through the mail to the First National Bank of Waco, and that said First National Bank of Waco had on deposit more than sufficient funds with which to pay said exchange, and that, except for the failing of said Farmers' State Bank & Trust Company, said exchange would have been paid; that it received advice from said First National Bank of Waco that said check was dishonored for payment due to the closing of said trust company, and defendant so notified plaintiff and charged back to his account the $1,000 draft theretofore deposited by plaintiff. Defendant further answered that plaintiff was guilty of contributory negligence, in that he did not make claim to the state banking board for the full amount of his deposit with the Farmers' State Bank and Trust Company, including the $1,000 draft deposited with defendant.

The plaintiff by supplemental petition pleaded general demurrer and general denial to defendant's amended answer. The cause was tried by the court without the intervention of the jury, and resulted in the judgment in favor of defendant, First National Bank, to which judgment the plaintiff excepted and gave notice of appeal.

"Findings of Fact of Trial Court.

"(1) I find that prior to January 24, 1921, plaintiff was a customer of and had on deposit money in the Farmers' State Bank & Trust Company and First National Bank of Gorman; that several months prior to the date above plaintiff came to the office of defendant and discussed with its president, Ben F. Read, the financial condition of the Farmers' State Bank & Trust Company, and that similar conversations ensued between said plaintiff and Read on six or eight other occasions prior to January 24, 1921; that on each of these occasions, when the solvency of the Farmers' State Bank & Trust Company was discussed by plaintiff and Read, the latter advised plaintiff that he, plaintiff, knew as much about the condition of the Farmers' State Bank & Trust Company as Read did, and also told plaintiff that rumors regarding the condition of practically all banks were afloat, and that he personally put small credence in said rumors; that on each of said occasions Read told plaintiff that the officers of the Farmers' State Bank & Trust Company were his personal friends, and that they had been congenial competitors of his in the town of Gorman, and that he would do nothing that would embarrass the financial situation of said bank; that in more than one of said conversations plaintiff told Read that his feelings toward the Farmers' State Bank & Trust Company and its officers were similar to those of Read's, and that he personally did not desire to embarrass them in their troubles. On one of the occasions of said conversations Read told plaintiff that he had courteously refused a deposit of $25,000 offered the First National Bank of Gorman from J. H. Hankins, and gave as his reason that he did not desire to aggravate the troubles of his competitor.

"(2) I find that on January 24, 1921, plaintiff had another conversation with Read in the office of defendant, in which Read and plaintiff again discussed the financial condition of the Farmers' State Bank & Trust Company, at which time Read repeated that he would not do, or allow to be done by his employees, any act that would embarrass the Farmers' State Bank & Trust Company, and that plaintiff expressed a similar opinion to Read on said occasion; that plaintiff discussed with Read the best way to make a withdrawal of his deposit, or a portion of same, from the Farmers' State Bank & Trust Company, and prior to delivering a check or draft to Read plaintiff instructed said Read to handle the transaction in the usual way, and made no request that said draft or check be presented through the Farmers' State Bank & Trust Company and cash demanded therefor.

"(3) I find that on January 24, 1921, plaintiff presented to Ben F. Read, president of defendant, his check or draft in the sum of $1,000 on the Farmers' State Bank & Trust Company of Gorman, Tex., payable to the order of defendant, and at said time there was issued and delivered to plaintiff a duplicate deposit slip in defendant bank for said amount.

"(4) That there existed at that time a general custom among the banks at Gorman and their customers, and particularly defendant bank, which custom was known to plaintiff, to the effect that such deposits were accepted and credited subject to final collection only.

"(5) I find that on the following morning of January 25, 1921, defendant bank, in its usual and customary manner, and at the usual and customary time, cleared with the Farmers' State Bank & Trust Company of Gorman, Tex., and in addition to the $1,000 draft of plaintiff's there were included in said clearing some other small items aggregating something in the neighborhood of $100, which made the total amount of the clearing held by defendant bank against the Farmers' Bank approximately $1,100; that in said clearing the Farmers' Bank had some small items drawn on defendant, aggregating a total amount of about $100, which made the difference in the clearing in favor of defendant of approximately $1,000, or a few odd dollars and cents less (no witness being certain as to the exact amount), and practically the same as the amount of plaintiff's draft. For this amount, as was customary, the Farmers' Bank gave defendant bank exchange on the First National Bank of Waco, Tex., instead of cash.

"(6) That on its receipt plaintiff's $1,000 draft was canceled by the Farmers' State Bank & Trust Company and charged to plaintiff's account with said bank, where at the time he had a balance of something over $1,200, as an unsecured noninterest bearing deposit.

"(7) That on the same morning, and within a short time after the receipt of the Waco exchange, defendant mailed direct to said First National Bank of Waco, Tex., said exchange so received; that said exchange was never in fact paid, because the Farmers' State Bank & Trust Company of Gorman had been closed by order of the commissioner of insurance and banking of the state of Texas, and the First National Bank of Waco withheld payment thereon, and defendant received at no time any proceeds from said exchange.

"(8) That at the time the Farmers' State Bank & Trust Company of Gorman delivered to defendant said exchange and at all times thereafter it had on deposit in the First National Bank of Waco a sum of money more than sufficient to have paid, and satisfied in full said exchange so received by defendant; that in a final accounting between the Farmers' State Bank & Trust Company, represented by the commissioner of insurance and banking after its failure, and the First National Bank of Waco, Tex,, said Farmers' State Bank & Trust Company of Gorman received credit for the final amount of said exchange, upon which payment was refused by said Waco bank.

"(9) I further find that at the time the draft for $1,000 was deposited by plaintiff with defendant, at the time it was cleared, at the time the Farmers' State Bank & Trust Company closed its doors, and at the time its assets were taken over by the commissioner of insurance and banking, said Farmers' State Bank & Trust Company had in its hands in cash funds in excess of $1,000.

"(10) That on January 27, 1921, the First National Bank of Waco notified defendant that said exchange was not paid and the reason therefor. On Friday, January 27, 1921, plaintiff called at the office of defendant, and asked E. B. McMahon if his draft had gone through, and said McMahon, cashier of defendant, advised plaintiff that it did not, as he had just finished a telephone conversation with Waco, in which conversation he had been advised that the exchange was not paid, and that his draft would have to be charged back to him on his account; that, after the First National Bank of Waco refused to pay said exchange, defendant charged back to plaintiff's account his $1,-000 draft on said Farmers' State Bank & Trust Company.

"(11) I further find that plaintiff has filed no claim with the commissioner of insurance and banking of the state of Texas for said sum of $1,000 as an unsecured depositor in the Farmers' State Bank & Trust Company."

It is urged that the evidence of the custom between the banks in Gorman to take each other's checks in clearing their daily balances was not admissible, because it had no bearing upon the liability of the defendant to plaintiff; that plaintiff had no notice of such custom; therefore not bound by it.

[1, 2] These are recognized rules of law, but in this case the appellee pleaded and the court has found the fact to be that there was such a custom in existence, and that plaintiff contracted with full knowledge of it. In such cases the usage becomes en-corporated into the contract. Smith v. Smith (Tex. Civ. App.) 234 S. W. 419; Oxford v. Rogers (Tex.Civ.App.) 238 S. W. 295; Dorchester v. Mer. Nat. Bank, 106 Tex. 201, 163 S. W. 5, 50 L. R. A. (N. S.) 542; Peters Shoe Co. v. Murray, 31 Tex. Civ. App. 259, 71 S. W. 977; First Nat. Bank of Memphis v. First Nat. Bank, 63 Tex. Civ. App. 469, 134 S. W. 831.

There was in fact an agreement between the parties to the effect that the appellee should follow such a course in the collection of the check as would be least embarrassing to both banks, and not strictly a question of custom and usage between the banks.

We therefore approve the findings of the trial court, and affirm the judgment.