## GUARANTY STATE BANK OF DE LEON v. LEON VALLEY OIL CO. (No. 1714.) *

(Court of Civil Appeals of Texas. El Paso. June 18, 1925. Rehearing Denied Oct. 5, 1925.)

Banks and banking ⬤�⟶119—Alleged agreement not to withdraw held no defense to action for recovery of deposit.

Where plaintiff had deposited check with defendant bank, drawn on apparently insolvent bank, which defendant knew, and draft drawn by defendant on correspondent of insolvent bank to cover balance shown in clearing was not paid, whereupon defendant bank had charged amount of draft to plaintiff's account, a subsequent agreement that plaintiff would leave such amount on deposit not subject to check, until defendant recovered claim against state commissioner of insurance and banking, *held* no defense to plaintiff's action to recover amount of draft.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Suit by the Leon Valley Oil Company against the Guaranty State Bank of De Leon. From a judgment for plaintiff, the defendant appeals. Affirmed.

G. E. Smith, of Comanche, for appellant. Grisham Bros., of Eastland, for appellee.

WALTHALL, J. This suit was brought by J. H. Haynes and others, doing business under the firm name of Leon Oil Company,

---

to recover of the Guaranty State Bank of De Leon the principal sum of $2,175, and interest thereon. The case was tried without a jury, and judgment rendered for the plaintiff, appellee here. The trial court made and filed findings of fact and conclusions of law.

We think the findings of the court sufficiently reflect the issues tendered by the pleadings. The findings are as follows:

"1. Plaintiffs, J. H. Haynes, H. M. Haynes, J. C. Hooker, and S. R. Haynes are a company, doing business in the name of the Leon Valley Oil Company and that the defendant Guaranty State Bank of De Leon, Tex., is a state banking corporation with its place of business at De Leon, Comanche county, Tex. I find that on November 12, 1921, plaintiffs deposited in the defendant bank in the name of their company, Leon Valley Oil Company, the sum of $3,000, giving their check therefor, drawn against the First State Bank of De Leon, Tex. I find that said check was good for said amount, said Leon Valley Oil Company having on deposit in the First State Bank of De Leon, a sum of money largely in excess of said $3,000. I find that the defendant accepted said check as cash and gave to the Leon Valley Oil Company credit for the sum of $3,000. I find that at the time the First State Bank was in failing circumstances, and that the defendant, through its officers, knew said fact at the time that the defendant accepted said check for $3,000. I find that the cashier of the First State Bank deposited said check to the credit of the Leon Valley Oil Company in the bank of the defendant, and at said time fully advised the defendant of its failing condition. I find that the defendant made no effort to collect said check, until two days thereafter. I find that said check was in fact paid. I find that the First State Bank, on the evening of the 14th of November, 1921, in clearing with the defendant, was indebted to the defendant, and that defendant drew a draft on a corresponding bank of the First State Bank, which corresponding bank is situated in Fort Worth, Tex., for the difference in the clearing, on said day, to wit, November 14, 1921, in the sum of about $2,156. I find that the First State Bank had ample funds in said corresponding bank at the time said draft was drawn, to fully protect the same. I find, however, that the First State Bank was at said time in a state of insolvency, and that defendant knew that the doors of the First State Bank might be closed at any hour. I find that the defendant made no effort out of the usual course of business to cash said draft so drawn on said corresponding bank. I find that the First State Bank closed its doors on November 16, 1921, and because of said fact that on said day, the said corresponding bank at Fort Worth failed and refused to honor the said draft so drawn upon it for the said sum of $2,156. I find that the draft, last above mentioned when drawn, was drawn in the usual course of business, and created the relation of debtor and creditor, as between said defendant and the said First State Bank. I find that the defendant, upon learning that the draft drawn in the clearance had been turned down, that it attempted to, and did wrongfully charge the said draft to the account of the Leon Valley Oil Company. I find that the Leon Valley Oil Company made demand timely for said money, but that defendant failed and refused to pay same. I find that the defendant and the plaintiffs entered into other temporary negotiations, and each contemplating that the department of banking and insurance of the state of Texas would, within a reasonable time, pay the amount represented by said draft to the defendant. I find that the plaintiffs, in order to get the free use of their money, originally deposited and without any further consideration, made other deposits, and entered into other stipulations, without consideration and of no importance and which negotiations do not constitute a waiver or estoppel of plaintiffs to claim the residue of their original deposit, in the sum sued for. I find that these temporary negotiations were entered into merely with a view of giving to the defendant a reasonable time in which to collect its money from the department of banking for the state of Texas, which department has had in liquidation the affairs of the First State Bank of De Leon, Tex., since said date, November 16, 1921. I find that a reasonable time had elapsed before the institution of this suit, even had said temporary negotiations been based upon consideration, and enforceable in law, and that the suit should not abate as having been prematurely brought. I find that the plaintiffs at no time misrepresented or misled the defendant in the slightest degree with reference to any fact to the detriment of said defendant, but that all temporary negotiations, after the closing of the First State Bank, were made for the accommodation, and not to injure the defendant, and that plaintiffs are in nowise estopped to maintain this action by reason of said negotiations.

"Conclusions of Law.

Upon the above and foregoing facts, I conclude, as a matter of law, that plaintiffs are entitled to a judgment for the sum sued for, and for the interest that is prayed for in plaintiff's original petition, and have accordingly entered judgment for same."

The first proposition adopts the first assignment of error. It is as follows:

"From the plaintiff's pleadings in this cause, it appears that the defendant bank was sought to be held for a conversion in a certain sum charged to have been a deposit with the defendant bank, and it further appearing from defendant's pleadings and the plaintiff's first supplemental petition that said deposit claimed to have been converted was placed in the defendant bank under an agreement that the same should remain on deposit not subject to check until a certain claim should be recovered upon against the state commissioner of insurance and banking, and the evidence disclosing without controversy that the bank had not recovered against the state commissioner of insurance and banking, the judgment was contrary to law and without evidence to support it."

The second proposition is based upon the above assignment and like the first, it is based upon the question of fact as to whether the deposit in the defendant bank was made under an agreement as stated, and the effect

SOUTHWESTERN REPORTER (Tex.

to be given to the agreement if the deposit was made under such agreement.

The third proposition is to the same effect as propositions one and two.

Though not made a part of trial court's findings of fact, the agreement referred to in the propositions under which appellant bases its claim that the $2,157.83 sued for was deposited, reads as follows:

"June 27, 1922.

"The Leon Valley Oil Company through its secretary, S. R. Haynes, hereby this day deposits with the Guaranty State Bank, $2,175, to be held by said bank, not subject to check, until said bank recovers on its claim from the state commissioner of insurance and banking, one draft for $2,157.83, given to said bank by the First State Bank of De Leon, in liquidation before it closed for a clearing settlement."

The petition alleged, the evidence showed, and the court found, that the deposit of the $3,000 was made by appellee by check on the First State Bank of De Leon on November 12, 1921; the court further found that the $3,000 check was in fact paid in clearing with the defendant bank on November 14, 1921. It was paid partly in money, and partly by the First State Bank's draft on its Fort Worth correspondent bank, given to, and accepted by, the defendant bank. The First State Bank closed its doors, and its draft on Fort Worth was not paid. We refer to the court's findings in which the court found that defendant and plaintiff thereafter entered into other temporary negotiations, each contemplating that the state department then in charge of the affairs of the First State Bank would, within a reasonable time, pay the amount represented by the draft given by the First State Bank to the defendant bank. This suit was filed October 16, 1923.

Defendant bank in its answer pleaded the above memorandum of June 27, 1922, as an agreement that the sum deposited was left with it "to liquidate and satisfy the bank's claim against the plaintiff company, it was understood and contemplated that the plaintiff company should have no claim on said deposit or right to check upon same unless (the memorandum reads "until") the claim filed with the commissioner of insurance and banking should be paid over to this defend-

ant." It does not seem to us that the memorandum of June 27, 1922, is an agreement; it does not use words common to an agreement in that it expresses no consideration, no union of minds in anything to be done or left undone; it makes no proposition nor accepts one; it certainly does not express nor warrant the construction given it by the answer. It was not given until several months after the deposit was made. It is not alleged or shown that the defendant bank had a claim, as suggested in the answer, against the plaintiff company to be liquidated and satisfied before the deposit was payable.

We think the trial court took the right view of the memorandum, and the other negotiations plaintiff had with the bank. It would seem to be unreasonable to hold, in any view of the evidence, that any of the deposits made by the plaintiff in the defendant bank was a guarantee to the bank that the bank would recover on its claim from the commissioner of insurance and banking.

Appellant, in discussing the third proposition, says:

"We do not think it necessary for the proper disposition of this case that the court should review the dealing of the parties prior to the last agreement, the effect of which was to settle their controversies," apparently meaning by the memorandum of July 27th.

But no controversies are pleaded of which the memorandum of June 27th is a settlement, nor does the memorandum show that it is a settlement of previous controversies. The answer does not suggest previous controversies nor base the defense upon the agreement that it was in settlement of former controversies, but upon the defense above stated of the understanding and contemplation that the plaintiff should have no claim on said deposit or right to check upon it, unless the claim should be paid by the commissioner.

Appellant refers us to Slone v. First Nat. Bank of Gorman (Tex. Civ. App.) 260 S. W. 948, but, without reviewing that case, we think it not in point.

After a very careful study of the record, we have found no reversible error, and affirm the case.

HIGGINS, J., did not sit in this case.