**WESTERN ACCEPTANCE CORP.**

**v.**

**CONTINENTAL CREDIT CORP.**

No. 12576.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 4, 1953.

Rehearing Denied Dec. 2, 1953.

Brewer, Matthews, Nowlin & Macfarlane, San Antonio, Boling & Smith, Lubbock, Fletcher Etheridge, San Antonio, for appellant.

Frank M. Rosson, Russell S. Ponder, San Antonio, for appellee.

POPE, Justice.

Plaintiff, Continental Credit Corporation, sued the Western Acceptance Corporation on an alleged contract and recovered judgment for $686.44. Both parties are in the automobile financing business. The decisive point in the case is whether a statement by the plaintiff to the defendant amounted to an offer. The trial court made findings of fact in support of the judgment.

According to the findings based on the evidence, plaintiff on and before March 28, 1952, was the owner and holder of a promissory note in the principal sum of $1,402.35, executed by Claude Walker. The note was secured by a mortgage on Walker's automobile, and Walker was delinquent in his payments on the note. On March 28th, Walker was in Lubbock and applied for a loan with the defendant company. The defendant, through one of its agents, called the plaintiff in San Antonio, by long distance telephone and asked plaintiff the amount of the "net pay-off" on the Walker note as of March 28, 1952. Plaintiff stated that the "net pay-off" was $686.44, and stated further, that if the defendant decided to buy the note and lien, that the defendant should advise plaintiff by means of the United States Mail that same day. On that date the defendant wrote and mailed a letter to plaintiff which stated: "This is your authority to draw a draft on Western Acceptance Corporation * * * in the amount of $686.44. This is the net pay-off quoted on your Claude Walker Account." The plaintiff received that letter on the afternoon of March 31st, and on that date drew its draft on defendant company, but payment was refused by the defendant on April 3rd.

Plaintiff claims that it made an offer when it stated the "net pay-off" and that

the offer was accepted when defendant wrote its letter that same date, authorizing the draft. Under that theory, the offer and acceptance constituted the contract and fixed the rights of the parties on March 28th. Before the draft was received by the Lubbock Bank and presented to the defendant, the automobile was destroyed in an accident. The accident occurred on March 30th. On that date, Walker notified the defendant company of the accident. The plaintiff did not learn of the accident until April 5th. The defendant, while Walker was in its office on March 28th, refinanced Walker's loan on the automobile so Walker could pay off the amount owing the plaintiff.

The plaintiff proved that the term "net pay-off," as used and understood by the parties and the automobile financing trade, had a definite trade meaning in Texas. According to the evidence and finding, the term meant to the parties the total amount of money for which the plaintiff would sell the note, including the principal, interest, insurance, and other charges due on, but not after, March 28, 1952. The term was generally known in the trade and used by both plaintiff and defendant. By its special meaning in this case, it was an offer. Plaintiff's statement over the telephone was in effect the statement: "Continental Credit Corporation will accept $686.44 for the Walker note today." Schaub v. Dallas Brewing Co., 80 Tex. 634, 16 S.W. 429; Dwyer v. City of Brenham, 70 Tex. 30, 7 S. W. 598; Barreda v. Milmo Nat. Bank, Tex.Com.App., 252 S.W. 1038; Latta v. Transit Grain Co., Tex.Civ.App., 222 S.W. 2d 467; Consolidated Kansas City Smelting & Refining Co. v. Gonzales, 50 Tex.Civ. App. 79, 109 S.W. 946; 3 Corbin on Contracts, § 555; Williston on Contracts, Revised Edition, § 650; Restatement, Contracts, §§ 247, 248.

The court found that the parties in their telephone conversation agreed that acceptance would be by mail posted on March 28th, which was done. When defendant posted its letter authorizing plaintiff to draw the draft, it accepted the offer in the manner agreed upon. International Filter Co. v. Conroe Gin, Ice & Light Co., Tex. Com.App., 277 S.W. 631; 12 Am.Jur., Contracts, § 46.

Since the offer and acceptance occurred on March 28, 1952, the judgment for the plaintiff is affirmed.